UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Todd D. Thrush,<br><br>    Plaintiff,<br><br>    v.<br><br>DeKalb County Sherriff (sued in his representative and official capacities) and DeKalb County Jail Commander, Lt. Phillip Simmons (sued in his individual capacity),<br><br>    Defendants. | Case No. 1:11-CV-271 JVB |

**OPINION AND ORDER**

In this lawsuit Plaintiff alleges that Defendants, through their actions and omissions during his ten-day jail term, subjected him to cruel and unusual punishment, thus violating the Eight Amendment. Additionally, Plaintiff alleges that Defendants violated his procedural due process rights, as protected by the Fourth and Fourteenth Amendments, by placing him in administrative segregation for the duration of his ten-day jail term.[1] Finally, Plaintiff alleges the physical discomfort, mental anguish, and emotional distress caused by Defendants constituted the state tort claim of intentional or negligent infliction of emotional distress.

Defendants moved for summary judgment under Federal Rule of Civil Procedure 56 on Plaintiff's federal and state claims. Defendants assert the qualified immunity defense; they also contend that Plaintiff's claims fail on the merits. Additionally, Defendants request summary judgment on the state tort claims of negligent and intentional infliction of emotional distress

---

[1] Plaintiff, confronted with conflicting, controlling Seventh Circuit precedent in *Marcelle v. Brown County Corp.*, 680 F.3d 887, 905 (7th Cir. 2012), withdrew his Equal Protection claim in his Memorandum in Opposition to Summary Judgment. (DE 36, Pl.'s Br. at 14).

because Defendants are entitled to immunity under the Indiana Tort Claims Act and Plaintiff has insufficiently pled the elements of each tort.

**A. Background**

Plaintiff was convicted of driving under the influence and sentenced to ten days in jail which he served in August 2009. (DE 41-1, Thrush Dep. at 2.) Plaintiff is a large man and during his in-processing Defendants realized that they did not have a jail uniform that fit him. (*Id.*) Plaintiff's wife then brought him sweatpants to wear during his incarceration, but there were holes in the sweatpants so Plaintiff could not be placed with the general population due to jail policies regarding inmates' safety and health. (*Id.*) Because of Plaintiff's inability to wear a jail uniform or obtain suitable civilian clothing at his own expense, he was placed in an administrative segregation block within the DeKalb County Jail. (*Id.*) Plaintiff claims he was not provided one-hour of daily exercise, was not permitted to leave his cell, and was not provided basic daily hygiene products for six days in a row. (DE 1, Compl. at 2–3) (alleging that he was only permitted out of his cell 4–5 minutes during the entire period of his confinement.)

Plaintiff claims his confinement in administrative segregation denied him constitutional due process. Plaintiff also alleges that the denial of adequate care and housing resulted in the "intentional and/or negligent infliction of emotional distress." He likewise insists that Defendants were deliberately indifferent to his constitutional rights thus depriving him of "equal protection under the law." (DE 1, Compl. at 3.) Finally, Plaintiff believes that his confinement conditions constituted cruel and unusual punishment. Plaintiff is seeking to recover for the physical discomfort, mental anguish, emotional distress, and other injuries sustained as a result of Defendants' policies and treatment while he was incarcerated. (DE 1, Compl. at 3.)

In response to this Complaint, Defendants moved for summary judgment asserting that they are entitled to qualified immunity for Plaintiff's constitutional claims.[2] Defendants base their qualified immunity defenses on the premise that their actions were not clearly unconstitutional and Plaintiff "has failed to establish that he was subjected to cruel and unusual punishment, that he was deprived due process, or that there was not a rational basis for treating him differently than other inmates." (DE 30, Pl.'s Mot. Summ. J., at 13.) Plaintiffs also provide affidavits and prison records to refute Defendant's contentions that he was not allowed out of his cell for an hour a day or denied any other accommodations. (*Id*. at 3-5.)

**B. Standard for Evaluating a Motion for Summary Judgment**

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. Rule 56(c) further requires the entry of summary judgment after adequate time for discovery against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to

---

[2] Defendants submitted a separate Motion for Summary Judgment for the state tort claims (DE 41).

interrogatories, and admissions on file together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Keri v. Bd. of Tr. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To successfully oppose the motion, the non-movant must present "definite, competent evidence in rebuttal." *Salvadori v. Franklin Sch. Dist.*, 293 F.3d 989, 996 (7th Cir. 2002). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249–50.

**C. The Doctrine of Qualified Immunity**

The doctrine of qualified immunity protects government officials, including police and corrections officers, from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). When determining if qualified immunity applies, courts focus on the objective reasonableness of the defendant's actions. The court is tasked with determining "whether a reasonable police officer could have believed that

4

[his] conduct was constitutional in light of the clearly established law and the information [he] possessed at the time." *Frazell v. Flanigan*, 102 F.3d 877, 886 (7th Cir. 1996). Furthermore, under the doctrine of qualified immunity, "officials are not liable for bad guesses in gray areas: they are liable for transgressing bright lines." *Gordon v. Whitted*, 2005 WL 1290644, at *10 (N.D. Ind. May 27, 2005).

Courts ask two questions when determining whether public officials are entitled to qualified immunity: (1) "whether the alleged conduct sets out a constitutional violation, and (2) whether the constitutional standards were clearly established at the time in question." *Long v. Barrett*, 2002 U.S. Dist. LEXIS 7144, at *13 (S.D. Ind. Feb. 26, 2002). Importantly, the plaintiff bears the burden of demonstrating the violation of a clearly established right. *Forman v. Richmond Police Dept.*, 104 F.3d 950, 957–58 (7th Cir. 1997). A violation is only "clearly established where: (1) a closely analogous case establishes that the conduct is unconstitutional; or (2) the violation is so obvious that a reasonable state actor would know that his actions violated the Constitution." *Siebert v. Severino*, 256 F.3d 648, 654–55 (7th Cir. 2001).

The second prong of the qualified immunity inquiry is most critical and examines "whether, in light of precedent existing at the time, [the officials were] plainly incompetent" in pursuing their chosen course of action. *Stanton v. Sims*, 134 S. Ct. 3, 5 (U.S. 2013) (finding a police officer was not plainly incompetent, and thus entitled to qualified immunity, when entering a third-party's residence while in hot pursuit of a misdemeanor suspect). In *Stanton*, the Supreme Court reiterated that it does "not require a case directly on point before concluding that the law is clearly established, but existing precedent must have placed the statutory or constitutional question beyond debate." *Id*. at 4–5 (quoting *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011)).

**D. Analysis**

In their motion for summary judgment, Defendants argue that Plaintiff's due process and cruel and unusual punishment claims fail because they are entitled to qualified immunity. Defendants' are correct. Plaintiff has not presented an analogous case that would render Defendants' conduct unconstitutional beyond debate. To the contrary, Plaintiff's grievances concerning his administrative segregation, denial of time outside of his cell, and denial of hygiene products, have been found constitutional in similar cases. Likewise, Plaintiff's argument that the totality of his conditions of confinement constituted cruel and unusual punishment is unconvincing.

Placing a prisoner in administrative segregation does not violate the Fourteenth Amendment's Due Process Clause. A prisoner's due process "extends only to freedom from deprivations that impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Lekas v. Briley*, 405 F.3d 602, 608 (7th Cir. 2005). To determine if an atypical or significant hardship has been induced courts must "(1) compare the conditions of disciplinary segregation to those of discretionary segregation; (2) compare the conditions of disciplinary segregation to those in the general prison population; and (3) determine whether the disciplinary action affects the length of the inmate's sentence." *Id*. (citing *Sandin v. Conner*, 515 U.S. 472, 486 (1995)).

Plaintiff was housed in the R-Block of DeKalb County Jail which "consists of multi-use holding cells that are 7.7 ft. by 10.6 ft." (DE 30, Pl.'s Mot. For Summ. J., at 3.) Nothing in the record asserts that R-Block is distinguishable from the general population section of DeKalb County Jail, and his placement there did not extend his sentence. Accordingly, reassignment from the general population to discretionary segregation, because of his inability to wear a

proper jail uniform, does not violate any of Plaintiff's clearly established due process rights. *See, e.g., Crowder v. True*, 74 F.3d 812, 815 (7th Cir.1996) (holding that placement of inmate in non-disciplinary segregation for three months did not create a liberty interest). Consequently, Defendants' are entitled to qualified immunity for Plaintiff's due process claim.

Defendants are also entitled to qualified immunity for Plaintiff's cruel and unusual punishment claim because the alleged conduct is not clearly unconstitutional. Plaintiff complains that he was not allowed to come out of the cell except on few occasions and only for short time periods.[3] Yet, he has not shown that his inability to leave the cell for a period of ten days constitutes cruel and unusual punishment of which the jailers should have been aware. To the contrary, the Seventh Circuit held in *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. Ill. 1988), that denying inmates yard and recreation time for four weeks "may deprive inmates of many desirable, entertaining diversions" but did not raise a constitutional issue.

Similarly, Plaintiff's complaints regarding his lack of toiletries and inability to wash his clothes for a few days do not rise to the level of cruel and unusual punishment. *See, e.g., Harris v. Fleming*, 839 F.2d 1232, 1235–1236 (7th Cir. 1988) (finding that "[i]nmates cannot expect the amenities, conveniences and services of a good hotel; however, the society they once abused is obliged to provide constitutionally adequate confinement."). While "a state must provide . . . reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities," mere temporary negligent conduct depriving these necessities to a single inmate is not cruel and unusual punishment. *Lewis v. Lane*, 816 F.2d 1165, 1171 (7th Cir. 1987). In *Harris*, the Seventh

---

[3]There's conflicting evidence on this. Defendants' jail logs show that the Plaintiff was regularly provided time outside of his cell while incarcerated to exercise and shower. (DE 30, Pl.'s Mot. For Summ. J., at 4.) These logs indicate that Plaintiff was outside of his jail for an hour or more eight different times. (*Id*.) Plaintiff's affidavit on this issue differs from the jail logs, but also conflicts with his Complaint and the letter he wrote to the judge. (DE 35-1, Resp. Ex. 1, at 4–5; DE 45-3, Supp. Resp., Ex. F at 1.) In any case, the Court resolves all conflict of facts in favor of Plaintiff as it must in reviewing a motion for summary judgment.

Circuit found that, while management criticism may be warranted for denying an inmate toilet paper and placing him in a filthy, roach-infested cell, the temporary neglect was not intentional, affected only a single inmate, and did not "reach unconstitutional proportions." *Harris*, 839 F.2d at 1235. The situation here is analogous. Accordingly, Defendants are entitled to qualified immunity because Plaintiff has failed to show how Defendants' violated any of his clearly established constitutional rights.

With all federal claims disposed of, only state law claims remain. This requires the Court to decide if it should exercise supplemental jurisdiction. District courts may exercise supplemental jurisdiction over state law claims when they are closely related to the federal claims presented to the court. 28 U.S.C. § 1367(a) (2012). However, when all federal law claims have been eliminated before trial and only supplemental state law claims remain, the Court of Appeals for the Seventh Circuit has repeatedly stated its preference that district courts remand or dismiss without prejudice these state law claims. *See, e.g., Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008) ("When the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts."). Accordingly, this Court will dismiss without prejudice the remaining state tort claims.

**D.      Conclusion**

The Court grants in part and denies in part Defendants' Motion for Summary Judgment. Defendants' Motion for Summary Judgment on all constitutional claims (DE 29) is granted. The Court denies Defendants Second Motion for Summary Judgment (DE 41). However, the remaining state law claims, which were the subject of the Second Motion for Summary

Judgment, are dismissed without prejudice because this Court lacks subject matter jurisdiction over them.

    SO ORDERED March 27, 2014.

                                                s/ Joseph S. Van Bokkelen
                                                JOSEPH S. VAN BOKKELEN
                                                UNITED STATES DISTRICT JUDGE